NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-426

MARC SAVAGE

vs.

CITY OF SPRINGFIELD & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff challenges the process by which the defendants announced and administered a promotional examination. The plaintiff was, until his retirement, a firefighter in the city of Springfield; he retired at the rank of fire captain. The Massachusetts Civil Service Commission (CSC or commission) ruled against the plaintiff in his administrative action; a judge of the Superior Court affirmed and we do the same.

The core facts are not disputed.  On May 22, 2019, the Springfield Fire Department (department), under responsibility delegated by the Massachusetts Human Resource Division (HRD), announced an upcoming examination for promotion to the position of deputy fire chief.  The examination was scheduled to take

_____

[1] Massachusetts Civil Service Commission and Massachusetts Human Resource Division.

place on June 18, 2019; applications were due by June 4; and the examination was open to current employees holding the title of district fire chief.  By June 4, only three employees had registered to take the examination.  On June 5, a new posting expanded the eligibility to include fire captains (second posting).  The second posting listed the same "opening date," May 22, and the same examination date (June 18), but had an extended application deadline of June 12.  As a fire captain, the plaintiff was then eligible to take the examination.  The plaintiff saw the second posting before June 12.[2]  He neither applied for nor sat for the examination.

The plaintiff appealed on October 15, 2019, citing what he claimed was the department's failure to follow the "statutory posting requirements" for the examination by "not posting the AC notice at least six weeks before the desired AC date" and by then re-posting the notice, again less than six weeks in advance.  As we understand the claim, the plaintiff maintains that both the initial May 22 posting and the second posting were too late.  He bases this on an HRD memorandum dated May 3, 2018, entitled, "Examination Options."  In his notice of appeal, the plaintiff also drew a parallel to the 2014 administration of a promotional examination; in that case, because too few

_____

[2] The plaintiff "knew of the exam before it was administered" and saw the posting on June 10, 2019.

2

applicants had registered, the examination was nullified and rescheduled after it was administered.  The plaintiff maintains that he was improperly treated differently from another fire department employee after each had pointed out an irregularity in the administration of a promotional examination.

The CSC identified two threshold issues with the plaintiff's appeal, timeliness and standing; only timeliness is before us.[3]  The CSC concluded that, because the plaintiff's appeal was filed more than thirty days after the date of the examination, his appeal was not timely.

We begin with the standard of review.

> "We may set aside the commission's decision only if '"the substantial rights of any party may have been prejudiced" [because the commission decision] is based on an error of law, unsupported by substantial evidence, or otherwise not in accordance with the law.' . . .  The party appealing bears a heavy burden because 'we give "due weight to the experience, technical competence, and specialized knowledge of the commission."'"

Spencer v. Civil Serv. Comm'n, 479 Mass. 210, 215 (2018), quoting Police Dep't of Boston v. Kavaleski, 463 Mass. 680, 689 (2012) (quoting G. L. c. 30, § 14 [7]).

The CSC identified two statutory time limits that could apply.  The first, G. L. c. 31, § 22, sets a time limit (seven

---

[3] The CSC did not decide whether the plaintiff was an "aggrieved person" such that he could maintain the appeal, but rather based its ruling on the timing of his filing.  We assume without deciding, as the CSC appears to have done, that the plaintiff had standing to maintain his appeal.

or seventeen days, depending on the nature of the objection) for objecting to various aspects of an examination. The CSC appears to have concluded that the seven-day limit most closely fits the facts of the plaintiff's case; since his claim would be barred under either rubric, we need not decide which may apply.

The second statutory limit appears in the Standard Adjudicatory Rules of Practice and Procedure, found at 801 Code Mass. Regs. § 1.01(6) (2020).[4] Under the catchall provision in this subsection, a notice of claim "must be filed within 30 days from the date that the Agency notice of action is sent to" the party. Id.

Neither provision is a natural fit for this case. The plaintiff neither registered for nor took the examination, so G. L. c. 31, § 22, does not obviously apply. He received no "Agency notice of action," rendering application of 801 Code Mass. Regs. § 1.01(6) awkward at best. Nonetheless, there is no dispute that the plaintiff's appeal, filed some four months after the date of the examination, was untimely under either of these statutes, as the plaintiff appears to concede. Rather, the plaintiff's main claim sounds in equity. He compares CSC's response to his appeal to its response to the 2014 incident that resulted in an examination's being canceled after it had been

_____

[4] The commission voluntarily adopted these standard rules. Falmouth v. Civil Serv. Comm'n, 447 Mass. 814, 817 n.4 (2006).

4

administered.  Equity, the plaintiff maintains, requires that his late appeal be treated similarly and allowed to proceed; the CSC's failure to recognize this, in his view, amounts to discrimination.

Analysis of this claim requires an understanding of the facts of the 2014 situation, which we address in broad strokes, as the parties are familiar with them.  In 2014, a former fire commissioner, Joseph Conant, reported by e-mail to the HRD some three months after a promotional examination that the examination had not complied with a statutory requirement.  Only two applicants had sat for the 2014 examination, and the statute required at least four.[5]  As a result of the commissioner's report, the HRD voided the results of the 2014 examination and the examination was administered again.  The plaintiff, who had been one of the two applicants who took the original 2014 examination, appealed to the CSC, contesting this decision. Ruling that "Chapter 31 Sec. 59 does not limit HRD from taking retroactive measures to assure statutory compliance," the

_____

[5] Under G. L. c. 31, § 59, a promotional examination in the fire department is open "only to permanent employees in the next lower title in such force, except that if the number of such employees, or the number of applicants eligible for the examination is less than four, the examination shall be opened to permanent employees in the next lower titles in succession in such force until either four such eligible employees have applied," or until all lower-level permanent employees are eligible.

commission left undisturbed HRD's decision to vacate and readminister the 2014 examination.

The plaintiff maintains that the commission's different treatment of the 2014 examination and his present claims amounts to discrimination because the commission canceled an examination after Conant's e-mail but did nothing in response to the plaintiff's claim on appeal.[6]  We discern no error of law in the commission's analysis of the timeliness of the plaintiff's claim.  See Spencer, 479 Mass. at 215.  As noted above, the plaintiff's claim was untimely under either applicable statute. Because the plaintiff cites no authority that requires the

_____

[6] Although the matter is not before us -- the CSC did not rule on this basis -- we do not see the disparity as the plaintiff does. In the 2014 case, the law required four candidates, and there were only two.  G. L. c. 31, § 59.  In this case, by contrast, the plaintiff has identified no statutory or regulatory requirement that the examination be rescheduled.  In support of his claim that the postings were untimely, he refers to a memorandum that, as far as is obvious, neither has the force of law nor mandates the posting requirements the plaintiff claims it does.  The situations are simply different.

6

commission to consider his untimely claim, and because we are aware of none, we affirm.

Judgment affirmed.

By the Court (Hand,
  Hershfang & Brennan, JJ.[7]),

Assistant Clerk

Entered:  March 19, 2024.

---

[7] The panelists are listed in order of seniority.